**Kulwinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71358.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 25, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeF'evre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Donald A. Couvillon, Esq., Blair T. O'Connor, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM **

Kulwinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review factual determinations for substantial evidence, *Ernesto Navas v. INS*, 217 F.3d 646, 657 (9th Cir.2000), and legal determinations de novo, *Singh v. Ilchert*, 63 F.3d 1501, 1506 (9th Cir.1995). We grant the petition and remand.

Taking Singh's testimony as true, as the IJ did, we find that the record compels the conclusion that Singh was persecuted on account of an imputed political opinion. *See id.* at 1509. Singh testified that the police arrested, beat, threatened, and detained him for several days on four separate occasions because they suspected he had information about Sikh militants, despite the fact that he did not associate with the militants or support their means of achieving Sikh sovereignty. On two of these occasions, the police arrested Singh after they learned that the militants had

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

visited the automobile service station owned by Singh and his father.

■ Because Singh established the requisite past persecution, he is entitled to the presumption of a well-founded fear of future persecution upon his return to India. *See Ernesto Navas,* 217 F.3d at 657. We remand to the BIA for reconsideration of whether the government provided evidence sufficient to rebut this presumption. *See Lopez v. Ashcroft,* 366 F.3d 799, 805–07 (9th Cir.2004) (concluding that petitioner established past persecution on account of political opinion, and remanding to assess "whether changed country conditions rebut the presumption based on the proper legal standards including an individualized determination.").

We also vacate the determination that Singh is ineligible for relief under the Convention Against Torture, and remand to the BIA for additional investigation or explanation regarding this claim. *See Azanor v. Ashcroft,* 364 F.3d 1013, 1020–21 (9th Cir.2004).

Singh's contention that the BIA's decision "without opinion" violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

**PETITION FOR REVIEW GRANTED; REMANDED.**